fIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKY GARRISON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Case No. 22-cv-677-SMY |
| | ) |
| D. SPROUL, WARDEN,[1] | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Ricky Garrison, a former inmate of the Federal Bureau of Prisons ("BOP"), filed this habeas action pursuant to 28 U.S.C. § 2241 to challenge the calculation of his sentence by BOP and his loss of good conduct time while in pretrial status. He has since been released from BOP custody on March 18, 2025. https://www.bop.gov/inmateloc/. The conditions of his release and the present status of his sentence fulfillment are unknown to the Court.

Whether a 28 U.S.C. § 2241 petition is moot due to a prisoner's release from BOP custody is dependent upon whether or not they can receive any benefit from a favorable decision. *Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018). For example, if a petitioner is still on supervised release, then the § 2241 petition is not automatically moot. *Id.* The Court can only deem a petition moot if it is "confident" that the petitioner "cannot benefit" from a favorable decision. *Id. citing United States v. Trotter*, 270 F.3d 1150, 1152 (7th Cir. 2001).

---

[1] Since the filing of this habeas corpus action, Petitioner was transferred to Phoenix RRM and then released from BOP custody. *See In re Hall*, 988 F.3d 376, 379 (7th Cir. 2021) ("when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release").

After reviewing the petition, the Court is unable to determine whether Petitioner's claims are moot. While he has been released from BOP custody, it is unclear whether he remains on supervised release or some other confinement status such that he could derive some benefit from a finding by this Court in his favor. Thus, it is not plainly apparent that Petitioner is not entitled to habeas relief.

Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b). Accordingly, Respondent shall answer or otherwise plead on or before June 30, 2025. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois shall constitute sufficient service.

Petitioner is advised of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than seven days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**Dated:  May 30, 2025**

_____
**Staci M. Yandle**
**United States District Judge**