IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICKY GARRISON,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) Case No. 22-cv-2467-SMY |
| | ) |
| **D. SPROUL, WARDEN** | ) |
| | ) |
| **Respondent.** | ) |

**ORDER**

**YANDLE, District Judge:**

On October 24, 2022, Petitioner Ricky Garrison filed a petition under 28 U.S.C. § 2241 challenging the his loss of good-time credits while in pretrial detention (Doc. 1). On July 23, 2025, the Court ordered Petitioner Ricky Garrison to notify the Clerk of Court of his current mailing address by no later than August 13, 2025 (Doc. 11). Since that time, the Court has become aware through a review of the docket in the underlying criminal case[1] that Petitioner's sentence was commuted via a grant of Executive Clemency on January 17, 2025. *See* Doc. 1671 in *USA v. Garrison et al.*, No. 1:14-cr-00231-WJM (D. Colo.).

Under Article III of the Constitution, the jurisdiction of federal courts is limited to live "Cases" and "Controversies," and any case that does not involve an actual, ongoing controversy is moot and must be dismissed for lack of jurisdiction. *Federation of Advertising Industry Representatives v. Chicago*, 326 F.3d 924, 929 (7th Cir. 2014). When a question about mootness arises, the Court must address it, even if no party raises the issue. *Ruggles v. Ruggles*, 49 F.4th 1097, 1099 (7th Cir. 2022). Although a petition by an incarcerated individual challenging the validity of their conviction may be maintained after the expiration of their sentence so long as continuing "collateral consequences" of their conviction can be shown, *Carafas v. LaVallee*, 391 U.S. 234 (1968), no such collateral consequences are likely when a petitioner challenges

---

[1] The Court may take judicial notice of the contents of filings in other courts. *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016).

only the loss of good-time credits. *See Weiss v. Ind. Parole Bd.*, 230 F. App'x 599, 601 (7th Cir. 2007) (citing *Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004)).

Here, the only relief sought by Petitioner is the reinstatement of his lost good-time credits (Doc. 1 at 8). Because Petitioner's entire sentence has since been commuted, the Court can no longer grant him the relief he seeks, and the case is therefore moot. Accordingly, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close the case.

**IT IS SO ORDERED.**

**DATED:  August 27, 2025**

_____
**STACI M. YANDLE**
**United States District Judge**